UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| RENEE REBISCH, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br>  vs.<br><br>THE SCHREIBER LAW FIRM, PLLC, and JH CAPITAL GROUP, LLC<br><br>            Defendants. | Case No.: 14-cv-1390<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Renee Rebisch is an individual who resides in the Eastern District of Wisconsin (Racine County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendants sought to collect from her a debt allegedly incurred for personal, family or household purposes, namely an alleged personal credit card debt.

5. Defendant The Schreiber Law Firm, PLLC ("Schreiber") is a law firm with a principal place of business located at 53 Stiles Road, Suite A102, Salem, NH 03079.

6. Schreiber is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Schreiber is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Schreiber is a "debt collector" as defined in 15 U.S.C. § 1692a.

8. Defendant JH Capital Group, LLC ("JH Capital") is a foreign limited liability company with its principal place of business located at 5757 Phantom Drive, Suite 225, Hazelwood, MO 63042.

9. JH Capital is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time JH Capital acquires them.

10. The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. 15 U.S.C. § 1692a(6)(F)(iii); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), *citing Bailey v. Sec. Nat'l Serving Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

11. JH Capital uses third party debt collectors and attorneys, including Schreiber, to collect allegedly defaulted debts that have been assigned to JH Capital.

12. Upon information and belief, JH Capital is directly involved in the creation and mailing of the debt collection letters at issue in this action.

13. Moreover, a company meeting the definition of a "debt collector" under the FDCPA (here, JH Capital) is vicariously liable for the actions of a second company collecting

2

debts on its behalf. *Pollice*, 225 F.3d at 404-05 (holding that cases holding assignee vicariously liable for its attorneys' FDCPA violations applies equally to non-attorney debt collectors); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006) (following *Pollice*, disagreeing with *Scally*); *contra Scally v. Hilco Receivables, LLC*, 392 F. Supp. 2d 1036, 1039 (N.D. Ill. 2005).

14. JH Capital, directly or indirectly or both, is a debt collector under the above arrangement and is jointly responsible for Schreiber's actions. 15 U.S.C. § 1692a(6).

**FACTS**

15. On or around August 14, 2014, Schreiber mailed a debt collection letter to Plaintiff regarding an alleged debt allegedly owed to JH Capital and allegedly previously owed to "Citibank N.A." A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

16. The alleged debt identified in <u>Exhibit A</u> was for an alleged personal credit card, used only for personal, family or household purposes.

17. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

18. <u>Exhibit A</u> displays Schreiber's law office letterhead.

19. The Seventh Circuit has stated: "An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up. And that clearly is the reason why the dunning campaign escalates from the collection agency, which might not strike fear in the heart of the consumer, to the attorney, who is better positioned to get the debtor's knees knocking." *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir.1996).

20. "If a debt collector (attorney or otherwise) wants to take advantage of the special connotation of the word 'attorney' in the minds of delinquent consumer debtors to better effect collection of the debt, the debt collector should at least ensure that an attorney has become

3

professionally involved in the debtor's file." *Id.*; *see also Clomon v. Jackson,* 988 F.2d 1314, 1320-21 (2d Cir. 1993).

21.  Exhibit A contains the disclaimer: "At this time no attorney with this firm has personally reviewed the particular circumstances of your account."

22.  The Third Circuit has held that collection letters purporting to be "from an attorney" when there was no actual attorney involvement violated the FDCPA, even though the letters included the same attempted disclaimer of attorney involvement as in the present case. *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 995 (3d Cir. 2011). Other Circuits have held that "a lawyer acting as a debt collector must notify the consumer, through a clear and prominent disclaimer in the letter, that the lawyer is wearing a 'debt collector' hat and not a 'lawyer' hat when sending out the letter," and that the same language used by Schreiber does not satisfy this requirement. *Gonzalez v. Kay*, 577 F.3d 600, 604 (5th Cir. 2009); *citing Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 361-62 (2d Cir. 2005).

23.  Upon information and belief, at the time Exhibit A was mailed to Plaintiff, no attorney at Schreiber had assessed the validity of the alleged debt to the standards required of an attorney.

24.  Upon information and belief, no attorney employed by Schreiber is licensed to practice law in the state of Wisconsin.

25.  Upon information and belief, at the time Exhibit A was mailed to Plaintiff, an attorney at Schreiber had not reviewed any documentation underlying the alleged debt, including but not limited to, any contract, payment history or any other documents establishing or evidencing the alleged debt.

26. Upon information and belief, it is a common practice of large creditors and debt buyers like JH Capital to send a computer file with a batch of alleged accounts to the debt collection attorney.

27. Upon information and belief, this computer file often contains only bare-bones information, including, and often limited to, the purported balance, sometimes the purported interest rate, the purported account number, and the alleged debtor's name, address and phone number.

28. Upon information and belief, this computer file does not include any contract, payment history or any other documents establishing or evidencing any of the alleged debts included in the batch.

29. Upon information and belief, at the time <u>Exhibit A</u> was mailed to Plaintiff, no attorney at Schreiber had reviewed anything relating to Plaintiff's account.

30. Upon information and belief, at the time <u>Exhibit A</u> was mailed to Plaintiff, no attorney at Schreiber had exercised the professional judgment of an attorney that Plaintiff or any other class member was delinquent on her debt and a candidate for legal action, nor was any attorney at Schreiber meaningfully involved in the decision to send <u>Exhibit A</u> to Plaintiff.

31. Upon information and belief, no attorney at Schreiber had personally reviewed each class member's collection letter in any meaningful sense, before the letter was mailed.

32. Upon information and belief, no attorney at Schreiber had made an individualized assessment of the class member's circumstances or liability, before <u>Exhibit A</u> was mailed to each class member.

33. The FDCPA generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

5

34. The FDCPA specifically prohibits: "The false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3).

35. The FDCPA also specifically prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

36. The Seventh Circuit has held that an attorney who sends debt collection letters without meaningfully reviewing each account and letter and "reach[ing] a considered, professional judgment that the debtor is delinquent and is a candidate for legal action", violates those sections of the FDCPA, 15 U.S.C. §§ 1692e(3) and 1692e(10). *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996); *Nielsen v. Dickerson*, 307 F.3d 623, 635 (7th Cir. 2002); *Boyd v. Wexler*, 275 F.3d 642, 647 (7th Cir. 2001).

## COUNT I – FDCPA

37. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

38. Exhibit A creates the false impression that an attorney at Schreiber had personally reviewed the circumstances of Plaintiff's and class members' alleged debts and Exhibit A itself, at the time that the letters were mailed to Plaintiff and class members.

39. Before mailing Exhibit A to Plaintiff and the class, Attorney Schreiber had no meaningful involvement with Plaintiff's or class members' alleged debts or the letters.

40. In fact, Exhibit A is a mass-produced, form letter, mailed to consumers using primarily out-of-state attorney letterhead.

41. Such conduct violates 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10); *Avila*, 84 F.3d at 229; *Nielsen*, 307 F.3d at 635; .

6

## CLASS ALLEGATIONS

42. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after November 3, 2013, (e) that was not returned by the postal service.

43. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

44. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendants complied with 15 U.S.C. §§ 1692e and 1692f.

45. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

46. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

47. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

48. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a)  actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: November 3, 2014

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com